CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for K/cc
FEB 27 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Jaralee
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM FRANKLIN KEYES, SR., ) | |
| Petitioner, ) | Civil Action No. 7:07cv00454 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Norman K. Moon |
| Respondent. ) | United States District Judge |

Petitioner, Williams Franklin Keyes, Sr., brings this 28 U.S.C. § 2255 motion in which he requests that the court <u>sua sponte</u> reduce his sentence or compel the government to file a motion to reduce his sentence to time served, pursuant to Federal Rule of Criminal Procedure 35(b).[1] The court finds that Keyes has failed to make a sufficient threshold showing calling the government's decision to not file an additional substantial assistance motion into question. Accordingly, the court will deny Keyes' motion and dismiss this case.

### I.

On September 5, 2003, Keyes was one of several defendants named in a ten-count indictment. Specifically, the grand jury submitted a charge against Keyes for conspiring to distribute and possess with the intent to distribute five hundred grams or more of a mixture or substance containing methamphetamine and fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One). Thereafter, on March 1, 2004, pursuant to a written plea agreement, Keyes pleaded guilty to Count One of the indictment. In accordance with the plea agreement, Keyes was given the opportunity to provide substantial assistance in the investigation and/or prosecution of other individuals. Prior to sentencing and based on Keyes' substantial assistance in the prosecution of three other

---

[1] Keyes filed this action as a §2255 motion; however, because he is not attacking his sentence, but instead, asking this court to reduce his sentence or instruct the government to file an additional motion to reduce his sentence based on substantial assistance, this court construes the petition as a motion to compel the government to file a motion for a reduction of sentence, pursuant to Federal Rule of Criminal Procedure 35(b).

1

individuals, the United States filed a motion to depart below the sentencing guidelines and statutory minimum,[2] pursuant to 18 U.S.C. § 3553(e) and Section 5K1.1 of the United States Sentencing Guidelines. In consideration of this motion, the court sentenced Keyes to thirty-six months incarceration followed by a sixty month term of supervised release.

## II.

Keyes requests that the court either sua sponte reduce his sentence or compel the government to move for a reduction in his sentence, pursuant to Federal Rule of Criminal Procedure 35(b). Keyes states:

> The defendant provided information to the Government that resulted in a number of convictions of which the defendant was not aware. The defendant provided information to the Government that resulted in a total of eight (8) convictions. Only three of those convictions were known to the defendant at sentencing. The additional five convictions were not disclosed by the Government to the defendant until 07/24/2007.

(Pet. at 5.) Keyes argues that "had these additional convictions been presented to the court, [they] would have resulted in a lower sentence or perhaps just probation" and that these additional convictions warrant a further sentence reduction. (Pet. at 11.)

In limited circumstances, a federal district court has the authority to review a prosecutor's decision not to file a Rule 35(b) motion. The court has authority to review a prosecutor's decision where: (1) the prosecutor's discretion to file has been superseded by an agreement to file a Rule 35(b) motion; or (2) the prosecutor's refusal to file "was based on an unconstitutional motive." Wade v. United States, 504 U.S. 181, 185-186 (1992); see also United States v. Snow, 234 F.3d 187, 191 (4th Cir. 2000). An unconstitutional motive would be, for example, one based on an impermissible factor such as race or religion, or a motive not rationally related to a legitimate government end. Wade, 504 U.S. at 186; United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). To trigger the court's review

---

[2] The mandatory minimum penalty Keyes would have been subject to absent the substantial assistance motion was a term of imprisonment of ten years.

2

of a prosecutor's decision, however, the defendant must do more than claim he provided assistance or allege that the United States acted in bad faith. He must make a "substantial threshold showing" of one of the qualifying circumstances. Id. Keyes has not made that requisite showing.

Keyes' plea agreement obligated the government to move for substantial assistance only if, in its sole discretion, it concluded that he had rendered substantial assistance. The plea agreement stated:

> I understand that I will be given the opportunity to make every effort to provide such assistance. I understand that at the time of the signing of this plea agreement, no one has promised me that such a "substantial assistance" motion will be made on my behalf. I understand that the determination as to whether or not my efforts constitute "substantial assistance" will be solely within the discretion of the United States Attorney's Office.

(Plea Agreement at 6.) Thus, it is clear that nothing within the plea agreement limited the government's expansive discretion in determining whether to recommend a sentence reduction either prior to or subsequent to Keyes' sentencing. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (no binding obligation created where the United States "reserves its option" to seek downward departure "if in its sole discretion" the United States determines the defendant has provided substantial assistance). Moreover, Keyes does not allege that he was coerced into the plea agreement by a promise from the government or that an oral modification of the written plea agreement occurred subsequent to sentencing.[3] Accordingly, the court finds that Keyes has not made a substantial threshold showing that the prosecutor's discretion to file was superseded by an agreement to file a Rule 35(b) motion.

Similarly, Keyes has not made a substantial threshold showing to trigger further inquiry into the prosecutor's motivation. Keyes fails to allege, much less prove, that the prosecutor's refusal to file a

---

[3] To the extent that Keyes may be arguing that he did not fully understand the agreement, the court finds that such a contention is without merit. During the plea colloquy, Keyes, among other things, stated under oath that he had received a copy of the indictment, that he had discussed the charges and his case with counsel, that he was fully satisfied with his counsel's representation, that he read and understood everything in the plea agreement, that no one had made any offer or different promise or assurance to him to induce entry of the plea, that no one had forced him to enter the guilty plea, that he understood the maximum penalties for the offenses charged, and that his plea was knowing and voluntary. After hearing a summary of the government's evidence against him, Keyes indicated that he wished to plead guilty. The court ultimately determined that Keyes was competent and accepted his plea of guilty.

3

second motion was based on an unconstitutional motive and there is not any fact in the record that would call into question the prosecutor's decision. The government contends that "it has already credited defendant's substantial assistance . . . and defendant's assistance does not warrant a further reduction." (Resp't Mot. Dismiss at 5.) Indeed, the court notes that Keyes was sentenced to a term of imprisonment that was significantly below the guideline range and statutory mandatory minimum based solely on the government's substantial assistance motion filed prior to Keyes' sentencing. Thus, the court finds that Keyes has not made the requisite showing that the government's motive for not filing a second substantial assistance motion was improper or otherwise not rationally related to a legitimate government end. See United States v. Clark, 199 F. App'x. 874, 876 (11th Cir. 2006) (holding that the district court lacked authority to compel government to file another motion to reduce sentence based on substantial post-sentencing assistance, where defendant, in alleging that government breached plea agreement by failing to set forth full extent of his cooperation in its substantial assistance motion, did not allege that government's failure was based on an unconstitutional motive.) Accordingly, the court has no authority in this case to review the government's decision not to file a Rule 35(b) motion.[4]

### III.

For the reasons stated herein, the court will deny Keyes' motion and dismiss this case. An appropriate Order will be entered this day.

ENTER: This 27th day of February, 2008.

_____
United States District Judge

---

[4] To the extent Keyes requests that the court sua sponte modify his term of imprisonment, the court notes that, except in certain circumstances not present here, it may not modify a term of imprisonment once it has been imposed. See 28 U.S.C. § 3582(c).

4